**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| **CHRISTOPHER FORD** | ) |
| | ) |
| **PLAINTIFF** | ) **PLAINTIFF'S RESPONSE TO** |
| | ) **UNITED STATES'** |
| **v.** | ) **MOTION TO DISMISS** |
| | ) |
| **UNITED STATES OF AMERICA, et al.** | ) Case No.  25-CV-00071-KKC |
| | ) |
| **DEFENDANTS** | ) |

Comes Plaintiff, through Counsel, and in Response to the United States' Motion to Dismiss under FRCP 12(b)(6) states as follows:

## I. INTRODUCTION

Plaintiff submits as to Sections I and II of the United States' Motion to Dismiss, and responds briefly to Section III below.

## II. STANDARD OF REVIEW

A complaint should only be dismissed for failing to state a claim upon which relief can be granted when it appears beyond doubt the complaint sets forth no set of facts, which if proved, would entitle the plaintiff to relief. Federal Rule of Civil Procedure 12(b)(6). In deciding whether to dismiss a complaint for failing to state a claim for which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996).

### III. ARGUMENT

*Plaintiff's claim under KRS 446.070 is not made under criminal statutes and is*

*not subject to dismissal under the standard put forward by the United States*

The United States misstated both Plaintiff's Complaint and the law it cites in Section III of its Motion to Dismiss. (DN 5 at 5). The government stated that, "In Count III of Ford's Complaint, he alleges that Defendants Nelson and Fackler violated K.R.S. §446.070, which is a criminal statute under the Kentucky Penal Code for Official Misconduct in the First Degree." *Id.* at 5. That is wrong.

Official Misconduct in the First Degree is KRS 522.020. Ford's claim was made under KRS 446.070 (DN 1) which creates a cause of action for private citizens to sue for infractions of the penal code. Kentucky Penal Code statutes run from KRS chs. 500 to 599. KRS 446.070 is neither a penal code statute, nor a criminal law. Rather, it is a statute that provides that, in this circumstance, Ford can sue the United States for Official Misconduct in the First Degree.

But citing a non-binding Ohio district court case, the government writes, "a private citizen has no authority to initiate a federal criminal prosecution against defendants for their alleged unlawful acts." DN 5, at 5 (internal markings omitted). That is not happening. Ford did not issue an indictment, impanel a grand jury, or issue warrants. Rather, Ford availed himself of a state statute in state court that allowed him to make a private civil claim.

While Plaintiff submits as to Sections I and II of the government's brief, its Section III is without merit and the Court should not grant a dismissal of any of Ford's claims under this theory.

Respectfully submitted,

/s/ Benjamin Potash

_____

BENJAMIN POTASH
1009 South 4th Street
Louisville, KY 40203
(502)584-8583 (office)
potashlaw@gmail.com
*Counsel for Plaintiff*