UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **CHRISTOPHER FORD,**  **Plaintiff,**  V.  **HUNTER NELSON, MATTHEW FACKLER, and UNITED STATES OF AMERICA**  **Defendants.** | CIVIL NO. 6:25-cv-71-KKC  **OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the defendants' motion for partial dismissal. (R. 5). For the following reasons, the Court will grant the motion.

Plaintiff Christopher Ford alleges that defendants DEA Task Force Officer Hunter Nelson and DEA Special Agent Matthew Fackler used excessive force to restrain him when they were executing a search warrant. He originally asserted three claims against Nelson and Fackler. Count I asserts claims for constitutional violations and cites 42 U.S.C. § 1983. Count II asserts assault and battery claims. Count III asserts claims that defendants violated a Kentucky state statute that criminalizes official misconduct.

The United States has been substituted as the proper defendant on Count II, and that claim has been dismissed against Nelson and Fackler. (R. 4.)

The defendants now move to dismiss Count I to the extent that it asserts a claim for violation of the Fourteenth Amendment and to the extent that it asserts a claim under 42 U.S.C. § 1983. They also move to dismiss the Count II assault-and-battery claims and Count III official misconduct claims in their entirety.

Plaintiff Ford agrees that his claims in Count I under the Fourteenth Amendment and § 1983 should be dismissed and that Count II should be dismissed in its entirety. Accordingly, the only issue on this motion is whether Count III should be dismissed. In Count III, Ford asserts that Nelson and Fackler violated KRS 522.020, which is a Kentucky statute that criminalizes official misconduct. The defendants argue that private individuals do not have standing to assert a claim under a criminal statute. Ford argues that another Kentucky Statute—KRS 446.070—grants private citizens the right to sue for violations of criminal statutes.

KRS 446.070 provides, "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." It "creates a private right of action in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005) (citations omitted). "Courts applying Kentucky law have presumed that KRS 446.070 provides a cause of action for violation of Kentucky's criminal statutes under a variety of circumstances." *Hickey v. Gen. Elec. Co.*, 539 S.W.3d 19, 24 (Ky. 2018) (citing cases).

KRS 446.070 creates a private right of action for violation of a statute if three conditions are met:

> 1) the statute in question must be penal in nature or provide no inclusive civil remedy;
> 2) the plaintiff must be within the class of persons the statute is intended to protect; and
> 3) the plaintiff's injury must be of the type that the statute was designed to prevent.

*Vanhook v. Somerset Health Facilities, LP*, 67 F. Supp. 3d 810, 817 (E.D. Ky. 2014).

The defendants do not address these factors in their motion. They point to a Western District of Kentucky case in which the court dismissed a plaintiff's claim for damages for official misconduct under KRS 522.020. In that case, however, the court dismissed the claim because the plaintiff's complaint mentioned only KRS 522.020 and sought to bring the official misconduct claim directly under that statute. *Snider v. City of Lyndon*, No. 3:23-CV-486-RGJ, 2024 WL 3165322, at *8 (W.D. Ky. June 25, 2024). The complaint never mentioned KRS 446.070, which provides for the private right of action. Thus, the court never analyzed the three factors required for a claim under that statute. Here, Ford's complaint cites KRS 446.070, explaining that his KRS 522.020 claim is brought pursuant to that statute.

The defendants also cite *Madden v. Calvert*, No. 1:16-CV-P147-GNS, 2017 WL 4366746 (W.D. Ky. Sept. 29, 2017). There, the court dismissed a claim for official misconduct under KRS 522.020 finding that there is not a corresponding tort law claim for "official misconduct." *Id.* at * 6. That case, however, does not mention KRS 446.070. Thus, it appears that the plaintiff in that case, like the plaintiff in *Snider*, brought the claim directly under KRS 522.020. Regardless, the court did not analyze the factors for a KRS 446.070 claim. Accordingly, it provides no guidance on whether an official misconduct claim may be brought under that statute. The same is true for *Keeling v. Hartman*, No. 5:21-CV-57-TBR, 2022 WL 855289 (W.D. Ky. Mar. 22, 2022), the third case cited by the government.

Nevertheless, the plaintiff has the burden of alleging facts demonstrating that he has standing to assert a claim. *See Ass'n of Am. Physicians & Surgeons v. United States Food & Drug Admin.*, 13 F.4th 531, 543 (6th Cir. 2021). In his complaint, Ford merely recites the language of KRS 522.020, which provides:

> (1) A public servant is guilty of official misconduct in the first degree when, with intent to obtain or confer a benefit or to

3

> > injure another person or to deprive another person of a benefit, he knowingly:
> > (a) Commits an act relating to his office which constitutes an unauthorized exercise of his official functions; or
> > (b) Refrains from performing a duty imposed upon him by law or clearly inherent in the nature of his office; or
> > (c) Violates any statute or lawfully adopted rule or regulation relating to his office.

Ky. Rev. Stat. Ann. § 522.020.

Ford does not explain how Nelson or Fackler violated this statute. He does not even identify which subsection he alleges that Nelson and Fackler violated. Thus, the Court cannot find that he has alleged facts that assert a "plausible claim" that he has standing under the statute. *Ass'n of Am. Physicians & Surgeons*, 13 F.4th at 544.

Ford has not moved for leave to amend his 522.020 claim or set forth an explanation of the claim in his response. Accordingly, the Court will dismiss the claim instead of granting Ford an opportunity to amend it.

For all these reasons, the Court hereby ORDERS that the defendants' motion (R. 5) for partial dismissal is GRANTED. The Court further hereby ORDERS that the following claims are DISMISSED:

1) Ford's claims against Nelson and Fackler for violation of the Fourteenth Amendment (Count I).

2) Ford's claim against Nelson and Fackler under 42 U.S.C. § 1983 (Count I).

3) Ford's claim against the United States for assault and battery (Count II).

4) Ford's claim against Nelson and Fackler for official misconduct under KRS 522.020 (Count III.)

As a result of this opinion, the sole remaining claim in this action is Ford's claim against Nelson and Fackler for violation of his Fourth Amendment rights.

4

This 20th day of February, 2026.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge

5